IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HASKAL SWANSON                                                                                              PLAINTIFF

v.                          Civil No.: 2:17-CV-02178

SHERIFF BOYD DON HICKS, *et. al.*                                        DEFENDANTS

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on October 2, 2017. (ECF No. 1). He alleges his constitutional rights are being violated by the unconstitutional conditions of confinement at the Logan County Detention Center. Specifically, Plaintiff alleges the jail is on a "23 and 1 lockdown program," and inmates "eat w[h]ere we def[e]cate." Plaintiff further alleges it is a hostile and unsanitary environment, and that felons are housed with misdemeanor inmates. (ECF No. 1 at 4). Later in his Complaint, Plaintiff alleges he has to sleep where he defecates, and there are no windows in the yard. (ECF No. 1 at 6). Plaintiff included a newspaper article from an unidentified newspaper noting that the jail has been repeatedly cited for violations of jail standards. (ECF No. 1, p. 12). Plaintiff alleges his mental condition is deteriorating due to the hostile and unsanitary environment. (ECF No. 1 at 4).

Plaintiff proceeds against all Defendants in their official capacities. (ECF No. 1 at 4). Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 7).

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. ANALYSIS

Plaintiff has failed to state a plausible claim of unconstitutional conditions of confinement. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the

minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff's Complaint centers on a lockdown procedure in which inmates must eat and sleep in their cells, and on the fact that felony inmates are housed with misdemeanor inmates. Plaintiff seeks compensation, but has provided no allegation of actual physical harm suffered as a result of any of the alleged conditions at the Logan County Detention Center. Plaintiff's vague allegation concerning the deterioration of his mental condition due to unsanitary and hostile conditions, alone, does not suffice. "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C.A. § 1997e(e); *see also Hudson v. McMillian,* 503 U.S. 1, 8-9 & 16-17 (1992) (Blackmun, J., concurring) (*de minimis* infliction of psychological pain is not actionable under the Eighth Amendment). Plaintiff, therefore, failed to state a plausible conditions of confinement claim.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 25th day of October 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE